IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONNIE D. SMITH                                                                                          PLAINTIFF

VS.                                            CASE NO. 21-5172

LAWRENCE COUNTY, MISSOURI
and WASHINGTON COUNTY, ARKANSAS                                              DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Motion for Hearing Emergency Writ of Habeas Corpus (ECF No. 2) were referred by U.S. District Judge P.K. Holmes, III to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 is applicable to petitions arising under 28 U.S.C. § 2241. Here, it plainly appears Plaintiff is not entitled to relief and therefore, Plaintiff's petition should be denied and dismissed without prejudice.

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (It "is well settled that in the absence of exceptional circumstances in criminal cases, the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial."). Pursuant to 28 U.S.C. § 2241(c)(3), a petitioner may file a petition for writ of habeas corpus if he "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he is in custody pursuant to the judgment of a state court. While § 2241 does not contain an exhaustion requirement, a body

1

of case law has developed determining that "federal courts should abstain from the exercise" of § 2241 "jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of Louisiana,* 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases); *see also Blanck v. Wausheka County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Federal courts are particularly reluctant to grant pre-trial habeas relief, and in the interest of comity between federal and state courts, are required to abstain from hearing cases when: "(1) there is an ongoing state judicial proceedings which (2) implicates important state interest, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to the proceeding should be raised in the state court. *Meador v. Paulson,* 385 Fed. Appx. 613 (8thCir. 2010). While a state court defendant may challenge the authority of his pretrial detention through a § 2241(c)(3) petition, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981); *see also Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court.").

Plaintiff claims he has been denied access to his arrest warrant (alternatively arguing that there exists no warrant with a lawful judge's signature thereupon); that he has requested but not received a Bill of Particulars; that Missouri cannot properly exercise jurisdiction over him for certain

"Notarial acts" as he has "elected his nationality as an Arkansas;" that he is proceeding *pro se* through his bother and power of attorney, Doyle Dennis Smith, and thus lacks effective assistance of counsel; that he has not been afforded an bond hearing (i.e., "opportunity to show why he should not be detained"); and that multiple constitutional violations have and are continuing to occur. (ECF No. 1). Plaintiff's petition is silent as to whether he has filed a state habeas petition or sought any available administrative remedies. Plaintiff provides scant factual background for the Lawrence County, Missouri criminal prosecution or the current status of Plaintiff's challenge to extradition other than requesting "release[] on a fugitive bond while awaiting the Missouri Governor's warrant." (ECF No. 1, p. 12). Utilizing public information, the Court ascertained Plaintiff was arrested on July 12, 2021, when the University of Arkansas Police Department executed an outstanding Missouri arrest warrant. At the time of his habeas filing, Plaintiff's status is properly characterized as a pre-trial detainee, arrested on a warrant and awaiting an extradition decision by the State of Missouri. There is no suggestion that Plaintiff has been deprived of a speedy trial or has been put in double jeopardy in the Missouri criminal case, and future proceedings will permit Plaintiff adequate opportunity to raise all of the constitutional and jurisdictional issues to which he alludes in his habeas petition. The Court is therefore required to abstain from this matter, leaving Plaintiff to pursue his jurisdictional and constitutional claims in his criminal case. *See Younger v. Harris*, 401 U.S. 37 (1971). For these reasons, the Court recommends that Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Hearing Emergency Writ of Habeas Corpus (ECF No. 2) be denied.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file**

**timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  IT IS SO ORDERED this 4th day of October 2021.


             /s/ *Christy Comstock*
             CHRISTY COMSTOCK
             UNITED STATES MAGISTRATE JUDGE